FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAR 17  AM 10: 46

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES EDWARD ODETT,

    Plaintiff,

vs.                          CIVIL ACTION NO.: CV504-031

CAROL COATS,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly incarcerated at D. Ray James Prison in Folkston, Georgia, filed a 42 U.S.C. § 1983 action. On October 17, 2005, Defendant Coats ("Defendant") filed a Motion for Summary Judgment. (Doc. No. 35.) The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant filed a Motion for Summary Judgment and that a response was to be filed by November 9, 2005. (Doc. No. 37.) That Notice further advised Plaintiff that:

1.     If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2.     If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3.     If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff filed a Motion for Extension of Time requesting more time to respond to Defendant's Motion for Summary Judgment. The Court granted Plaintiff's Motion; however, Plaintiff has failed to file a Response.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant, through retaliatory acts, violated his First Amendment rights. Plaintiff contends that Defendant performed a "shakedown" of his cell in retaliation for his filing prior lawsuits. Plaintiff alleges that Defendant confiscated all his legal documents during this event. Plaintiff asserts that one of his prior lawsuit was on appeal during this incident and the documents were needed for his appeal. Plaintiff further alleges that Defendant searched and read the documents, but refused to return them. Plaintiff contends that Defendant informed him that the documents were to be destroyed. Plaintiff asserts that he was placed in an overcrowded cell which was a known fire hazard.

Defendant asserts that no genuine issue of material fact exists regarding her conduct which would justify Plaintiff's claims of retaliation. Defendant contends that she conformed her conduct to the applicable Standard Operating Procedures ("SOP") and that it was Plaintiff's conduct that resulted in the destruction of the documents. Defendant avers that she had a legitimate reason for taking adverse actions against Plaintiff and would have taken the same actions regardless of Plaintiff's protected conduct.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©; Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier

of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

To survive summary judgment in a retaliation claim, an inmate must make a showing sufficient to permit a reasonable jury to find that the exercise of his constitutionally protected rights was a substantial or motivating factor. See Gattis v. Brice, 136 F.3d 724, 726 (11th Cir. 1998). The relevant inquiry is whether Plaintiff has adequately demonstrated

that actions were taken against him in retaliation for his exercise of a constitutional right, and not in pursuit of legitimate penological objectives. Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986). More specifically, to prevail on a retaliation claim, three factors must be satisfied: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) and a causal connection: plaintiff's protected conduct motivated, at least in part, the adverse action. Osterback v. Kemp, 300 F.Supp.2d 1238, 1252-53 (N.D. Fla. 2003). To prevail on summary judgment, after Plaintiff establishes that his protected conduct motivated the harm, the burden of proof shifts to the Defendant, who must demonstrate that she would have taken the same action in the absence of the protected activity. Id.

Defendant asserts that Plaintiff's allegations are focused not on the actual taking of his documents, but rather Defendant's alleged refusal to return the documents and their eventual destruction. Defendant does not deny the confiscation of Plaintiff's legal materials during a search of inmate cells by prison officials; however, Defendant avers that she had a legitimate reason for confiscating the legal materials. Defendant asserts that she would have taken the same measures in the absence of any protective conduct asserted by Plaintiff, namely Plaintiff's First Amendment rights.

According to her affidavit, Defendant states that the materials were taken pursuant to her "discretionary authority" provided by the Georgia Department of Corrections SOP IIB06-0001 and IIB06-0002. (Doc. No. 36, p. 13.) Provision IIB06-0001 allows an inmate to possess legal materials as long as they do not create "a fire, sanitation, security or

4

housekeeping problem." (Doc. No. 35, Ex. 2B.) Provision IIBO6-0002 provides the manner in which confiscated materials are handled. (Id.) In Defendant's judgment, Plaintiff possessed an excessive amount of materials which violated Section IIB06–0001. After Plaintiff filed an administrative grievance, the Warden investigated and agreed with Defendant's conclusions. (Id. at Ex. 1D.)

Defendant's accompanying exhibits support her contention that Plaintiff's conduct caused the eventual destruction of these materials. Prison officials provided Plaintiff with opportunities to retrieve his legal documents. In fact, Plaintiff received a disciplinary report for insubordination due to his indecisiveness regarding which documents he wished to keep. (Id. at Ex 1, p. 2.) Plaintiff was also advised that these materials could be mailed outside the prison if he arranged to weigh the materials and pay for postage. (Id. at Ex. 1A, 1D.) After Plaintiff failed to respond to prison officials' requests, the materials were destroyed. (Id.) Plaintiff has failed to demonstrate that Defendant's actions were motivated by his constitutionally protected conduct. Based upon Defendant's affidavit, and Plaintiff's lack of support for his contentions, no genuine issue of material fact exists as to whether Defendant had a legitimate penological objective in participating in the shakedown, confiscating Plaintiff's legal documents, and destroying the materials.

Plaintiff's placement in a holding cell also supports a legitimate penological purpose. Defendant states that Plaintiff was placed in a holding cell so that he could await his turn to answer questions regarding his disciplinary report. (Doc. No. 36, p. 4.) An investigation into Plaintiff's treatment in the holding cell revealed that Plaintiff was placed in a cell with no more than fifteen people, with proper ventilation, and restroom access. (Id. at Ex. 1E, 1F.) This procedure, according to Defendant's affidavit, as well as the response to

5

Plaintiff's grievance, did not jeopardize his health or safety, and was not done in retaliation for Plaintiff's protected conduct. (Id.) The evidence of record indicates that Plaintiff's protected conduct was not the cause of his placement in a holding cell. Plaintiff has presented no evidence which would establish a genuine issue of material fact regarding his retaliation claims against Defendant.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the unopposed Motion for Summary Judgment filed by Defendant Coats (Doc. No. 35) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)